United States District Court
Southern District of Texas
**ENTERED**
November 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL AIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00309 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al.*, | § § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff Daniel Aiello, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), and is currently housed at the C. T. Terrell Unit ("Terrell Unit") in Rosharon, Texas.

All of Plaintiff's allegations in this case arise in connection with events occurring at the Terrell Unit. Plaintiff sues the following defendants in this action: (1) TDCJ; (2) Patrick O' Daniel, Director of the Texas Board of Criminal Justice; (3) Brian Collier, TDCJ's Executive Director; and (4) R. Marez, Warden of the Terrell Unit. (Doc. No. 1, pp. 1, 3.) Plaintiff alleges that (1) he is a non-denominational Christian (2) he has been practicing his Christian faith for more than 30 years, (3) it is a biblical requirement for him to tithe one-tenth of his labor, and (4) failing to tithe is a sin under his Christian faith, subjecting his "eternal soul on a daily basis to everlasting damnation and punishment." (Doc. No. 1-1, p. 4.)

According to Plaintiff, TDCJ policy mandates that Plaintiff work an assigned job without compensation, which inhibits him from tithing one-tenth of his labor as his Christian faith requires. (Doc. No. 1, p. 4.) Plaintiff's allegations further indicate that existing TDCJ policies

1 / 3

subject him to punishment for refusing to work due to a sincerely-held religious belief. (Doc. No. 1-1, p. 5.). Plaintiff asserts that TDCJ's policies effectively have modified his behavior and influenced him to act contrary to his sincerely held religious beliefs, in violation of both his First Amendment rights pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5. (Doc. No. 1, p. 4; Doc. No. 1-1, pp. 7-9.)

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In addition, for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

Plaintiff is currently incarcerated at the Terrell Unit, which is not located within the Corpus Christi Division of this Court. None of the defendants sued by Plaintiff in this action appear to reside in the Corpus Christi Division. The TDCJ, O'Daniel, and Collier each appear to reside in Huntsville, Texas, which is located in Walker County. Warden Marez works and resides in Brazoria County. A review of Plaintiff's attached exhibits reflects that a substantial

part of the events forming the basis of Plaintiff's First Amendment and RLUIPA claims occurred at the Terrell Unit.[1]

Venue is not proper in this division, as this case has no nexus to the Corpus Christi Division of the Southern District of Texas.[2] Walker County is located within the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2). Brazoria County, in turn, is located within the Galveston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(1). Because Warden Marez resides in Brazoria County and a substantial part of the events forming the basis of Plaintiff's claims occurred there, the undersigned finds that the interests of justice would be best served by transferring this action to the Galveston Division of the Southern District of Texas.

Accordingly, it is **ORDERED** that this case, including all pleadings and motions filed therein, is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Galveston Division. The Clerk is **DIRECTED** to close this case in this division.

ORDERED on November 21, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

---

[1] Plaintiff's attached exhibits show that Plaintiff received a mandatory job assignment in laundry at the Terrell Unit without compensation and that he filed grievances at that unit complaining about this job assignment as burdening the exercise of his religious faith to tithe one-tenth of his labor. (Doc. No. 1-5, pp. 1-5.)

[2] In early 2022, Plaintiff filed a civil rights action in this Court in which he raised similar First Amendment and RLUIPA claims against Collier and Patrick. *Aiello v. Wainwright*, No. 2:22-cv-00018 (S.D. Tex. filed on Jan. 31, 2022). In this prior action, Plaintiff also challenged the TDCJ's policies requiring him to work at his assigned prison job at the McConnell Unit without compensation as restricting his right to exercise his Christian faith to tithe one-tenth of his labor. *Id.*; Doc. No. 1, pp. 3, 8-14. United States District Judge Davis S. Morales dismissed, without prejudice, Plaintiff's First Amendment and RLUIPA claims seeking declaratory and injunctive relief against O'Daniel and Collier in their official capacities for lack of subject matter jurisdiction as barred by sovereign immunity. *Id.*; Doc. No. 43, pp. 9-11, 19; Doc. No. 66, pp. 12-17.